**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**In re: KYLE ROHRIG**


> **Civil Action 2:21-cv-2266**
> **Judge Sarah D. Morrison**
> **Magistrate Judge Elizabeth P. Deavers**


**ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding without the assistance of counsel,[1] moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

---

[1] It is unclear whether Plaintiff is a resident of Ohio or Washington. Plaintiff signed his petition and included a Tacoma, WA address. (ECF No. 1-1, at 4.) He also included a Canal Winchester, Ohio address on his *in forma pauperis* application. (ECF No. 1, at 3.)

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the

Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff, proceeding *pro se*, has submitted a document captioned as a "Motion for Writ of Mandamus." (ECF No.1-1.) In this document, Plaintiff states that he is "seeking a Motion for Writ of Mandamus against Columbus Prosecution, and Judge O'Grady of Franklin County Municipal Court to make them follow 18USC226(A) Full Faith and Credit to Protection Orders to terminate all three CPO's and charges against Plaintiff, prosecutorial misconduct/malicious prosecution, Bardy v. Maryland (Brady's Rule), Giglio v. United States (Giglio's Rule), 4th/5th/8th amendments, and Stare desis…." (*Id*.)

Plaintiff's allegations are difficult to follow. Exhibits attached to his motion indicate the following: a civil stalking protection order was entered against Plaintiff by the Franklin County Court of Common Pleas on February 6, 2019 (ECF No. 1-1, at 9); a warrant was issued in September 2019 for a violation of a protective order (*Id*. at 8); charges against Plaintiff in Florida were terminated in March 2021 (*Id*. at 6); and Plaintiff appeared before Judge Grady for an arraignment on April 8, 2021 in *State of Ohio v. Kyle Rohrig*, Case No. 21 CRB 3653. (*Id*. at 11). Plaintiff's attempt in his motion to connect the dots is of limited help but he states that "The FL incident on 19MAR21 also directly affects being charged with ORC violation of CPO…." (*Id*. at 2.) For the reasons that follow, this action will be dismissed for lack of subject matter jurisdiction.

Most simply, the Court cannot grant Plaintiff's requested relief because, under Federal Rule of Civil Procedure 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Skaggs v. Jefferson Cir. Ct.,* No. 3:18-CV-P149-DJH, 2018 WL 2187723, at *1 (W.D. Ky. May 11, 2018) (citing *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970)). However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Id.* (citing *Haggard*, at 1386). That is the case here. Plaintiff has captioned his filing as seeking only mandamus relief. "In the absence of special statutory authority [a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id.* While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff" (emphasis added), Plaintiff asks this Court to compel "Columbus Prosecution," and Judge O'Grady of Franklin County Municipal Court to perform an act. These are not officers, employees, or agencies of the United States. Accordingly, Plaintiff's filing is subject to dismissal for lack of subject matter jurisdiction. *Id.* at *2.

Moreover, even construing Plaintiff's *pro se* filing liberally as the Court is required to do, there would be additional bars to the Court's ability to grant Plaintiff relief. For example, if Plaintiff had brought his action under 42 U.S.C. § 1983 more directly against either Judge O'Grady or the prosecutor, to the extent Plaintiff is requesting that the Court involve itself in a pending state court matter, the Court must abstain under the principles of *Younger v. Harris*, 401

U.S. 37 (1971). *See, e.g., Skaggs,* 2018 WL 2187723, at *2 (explaining that, to the extent

Plaintiff's mandamus action seeking a prompt hearing on motion to vacate sentence could be

construed as a § 1983 action, *Younger* abstention prevented interference with on-going state

court proceedings.) *Younger* abstention derives from a desire to prevent federal courts from

interfering with the functions of state criminal prosecutions and to preserve equity and comity.

*Doe v. Univ. of Kentucky*, 860 F.3d 365, 368–69 (6th Cir. 2017). Abstention may occur when

three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an

important state interest; and (3) the state proceedings will provide the federal plaintiff with an

adequate opportunity to raise his constitutional claims. Id. (citing *Middlesex County Ethics*

*Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34 (1982)).

Plaintiff's request that the Court order that all current charges against him be dropped

appears to arise in connection with a currently proceeding state criminal proceeding. At

minimum, the proceedings Plaintiff describes reasonably can be characterized as "akin" to one.

*See Doe*, 860 F.3d at 369 (recognizing that *Younger* precludes federal involvement in certain

proceedings that "are akin to criminal prosecutions). Under this circumstance, the State of Ohio

has an important interest in adjudicating the underlying action. Further, Plaintiff has not

articulated any reason to believe that the Ohio state courts will not fully and fairly litigate any

constitutional claims that may arise. In addition, Plaintiff alleges no unusual or extraordinary

circumstances sufficient to warrant federal intervention at this time. Therefore, even were the

Court to consider Plaintiff's action as a § 1983 action, he has failed to show that the state courts

are unable to protect his interests at this time. Accordingly, the Court would abstain from

interfering in what appears to be Plaintiff's on-going state court proceeding.

Finally, if Plaintiff had filed this action as a petition for writ of habeas corpus, such relief would not be available to him. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. *Skaggs*, 2018 WL 2187723, at *3 (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.")). Plaintiff has not done so here.

### III.

Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 1) is **GRANTED**. For all the foregoing reasons, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: May 11, 2021                          /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE